IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

E-NUMERATE SOLUTIONS, INC. and
E-NUMERATE, LLC,

        Plaintiffs,

    v.

MATTRESS FIRM HOLDING CORP.,
MERRILL COMMUNICATIONS LLC,
and MERRILL CORPORATION,

        Defendants.

C.A. No. 17-933-RGA

## STATEMENT OF INTEREST OF THE UNITED STATES

The United States files this Statement of Interest pursuant to 28 U.S.C. § 517[1] to inform the Court that the United States has granted the Defendants the Government's "authorization and consent" as to certain acts alleged to have been committed by the Defendants.  As explained below, the effect of such "authorization and consent" is to relieve the Defendants of any liability for patent infringement resulting from such acts for the benefit of the United States and to transfer to the United States any liability for any manufacture or use of the inventions claimed in the patents in suit resulting from the authorized or consented acts.  The Government's "authorization and consent" relieves the Defendants from liability for all infringement for such acts, including indirect, induced, and/or contributory infringement.  Accordingly, to the extent that liability exists for such acts, the patentee is limited to pursuing a claim against the United States in the Court of Federal Claims under 28 U.S.C. § 1498(a).

---

[1] Section 517 provides, in pertinent part, that "any officer of the Department of Justice, may be sent by the Attorney General to any … district to attend to the interests of the United States in a suit pending in a court of the United States … or to attend to any other interest of the United States."

## I.      BACKGROUND

Congress established the Securities and Exchange Commission (SEC) in 1934 to restore public confidence in the United States securities markets after the stock market crash in October 1929.  Since that time, the SEC has endeavored to protect investors and to maintain fair, orderly, and efficient markets.  To achieve those goals, the SEC requires public companies to submit financial disclosures.  The SEC also facilitates the public's access to and use of financial disclosures.  By facilitating public disclosure of financial information, the SEC seeks to reduce the risk of information asymmetries and fraud in the capital markets.

The Defendants are companies that are engaged in filing required disclosures with the SEC.  The Plaintiffs allege that Defendant Mattress Firm infringed the claims of the patents by filing financial information with the SEC in eXtensible Business Reporting Language (XBRL) format, and that Mattress Firm uses Defendant Merrill Corp.'s software or services to prepare the allegedly infringing filings.  See ECF 31 ¶¶ 30-32; see generally id. ¶¶ 38-40, 43, 50-52, 55, 62-63, 66, 73-75, 78.

The SEC has supported the use of the XBRL format for filings for more than a decade.  The XBRL is an international open-standard mark-up language for business information.  In 2005, the SEC began allowing filers to voluntarily submit some information in XBRL format.  See ECF 38-1 Ex. F.  Since 2006, the SEC has worked with others to develop standardized XBRL tags to represent financial concepts recognized in U.S. Generally Accepted Accounting Principles (GAAP) and other required SEC disclosures.  In 2009, the SEC began mandating the use of XBRL tagging for several types of financial statements filed with the SEC.  See 17 C.F.R. §§ 232.405, 229.601(b)(101); see also 17 C.F.R. § 232.11 ("'Interactive Data File' means the machine-readable computer code that presents information in [XBRL] electronic format pursuant

to § 232.405").  Since that time, the SEC has increasingly required filers to use XBRL tagging for other types of disclosures.  At the present time, the SEC estimates that XBRL tags are included in the majority of the SEC's filings.

## II.    DISCUSSION

"Authorization and consent" is a term of art.  It is defined by the first and second paragraphs of 28 U.S.C. § 1498(a), which provides, in pertinent part:

> Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture. …

> For the purposes of this section, the use and manufacture of an invention described in and covered by a patent of the United States by a contractor, a subcontractor, or any person, firm, or corporation for the Government and with the authorization or consent of the Government, shall be construed as use or manufacture for the United States.

28 U.S.C. § 1498(a).  The granting of "authorization and consent" thus "relieves a third party from patent infringement liability, and it acts as a waiver of sovereign immunity and consent to liability."  Madey v. Duke University, 307 F.3d 1351, 1359 (Fed. Cir. 2002).

In a suit between private entities where the government is not a party, Section 1498 is treated as an affirmative defense.  See Sperry Gyroscope Co. v. Arma Engineering Co., 271 U.S. 232, 235-36 (1926); Manville Sales Corp. v. Paramount Systems, 917 F.2d 544, 554-55 & n. 6 (Fed. Cir. 1990) (discussing that Section 1498(a) is not jurisdictional when raised by a private party as a defense but is jurisdictional when raised in a suit against the United States in district court).  Accordingly, by this Statement of Interest, the United States hereby confirms that the United States has granted its authorization and consent to the extent the Defendants use XBRL to file documents with the SEC pursuant to federal regulation.

Proof of authorization and consent requires "explicit acts or extrinsic evidence sufficient to prove the government's intention to accept liability for a specific act of infringement." Auerbach v. Sverdrup Corp., 829 F.2d 175, 177 (D.C. Cir. 1987). But it need not be accomplished in any particular fashion. See Advanced Software Design Corp. v. Federal Reserve Bank of St. Louis, 583 F.3d 1371, 1376 (Fed. Cir. 2009); Hughes Aircraft Co. v. United States, 534 F.2d 889, 901 (Ct. Cl. 1976) (no "requirement that authorization or consent necessarily appear on the face of a particular contract"). And it may be granted at any time, including after the fact or during litigation. See Advanced Software, 583 F.3d at 1377-78; Hughes, 534 F.2d at 901. Further, Section 1498(a) "does not require that the government be party to any contract, but may apply to activities by 'any person, firm, or corporation' for the benefit of the government." Advanced Software, 583 F.3d at 1377.

Authorization and consent may also be found where the government legally requires a party to engage in allegedly infringing activities for the benefit of the government. See IRIS Corp. v. Japan Airlines Corp., 769 F.3d 1359, 1362-64 (Fed. Cir. 2014) (concluding that an airline's examination of passports pursuant to federal regulations was done with the Government's authorization and consent). That is the situation in the present case. By regulation, the Defendants are obligated to submit certain financial information in XBRL format. See 17 C.F.R. §§ 232.405, 229.601(b)(101). By doing so, the Defendants – and many others – aid the SEC's efforts in protecting investors and maintaining fair, orderly, and efficient markets.

Additionally, the Government's authorization and consent extends to relieve the Defendants of liability with respect to allegations of indirect, induced, or contributory infringement. The purpose of Section 1498(a) is to "relieve the contractor entirely from liability of every kind for the infringement of patents." Richmond Screw Anchor Co., Inc., v. United

-4-

States, 275 U.S. 331, 343 (1928). "The word 'entire' emphasizes the exclusive and comprehensive character of the remedy provided." Id. Additionally, Section 1498 does not expressly limit recovery to direct (as opposed to indirect) infringement; it simply states that the liability of the Government occurs when the patent is "used or manufactured by or for the United States." 28 U.S.C. § 1498; Advanced Aerospace Technologies, Inc. v. United States, 113 Fed. Cl. 265, 275-76 (Fed. Cl. 2013) (explaining that Section 1498 does not use "the adjectives 'direct' or 'indirect,'" but Section 1498 is clear that infringement occurs by use or manufacturing of a patented invention by or for the United States).

Finally, in their briefs to the Court, the Plaintiffs have incorrectly asserted that "[t]he SEC made it known [to its filers] that submitting XBRL documents may infringe third-party patents." See, e.g., ECF 38 at 10. The Government respectfully submits that the Plaintiffs have misinterpreted the SEC's statements. The SEC's statements in SEC Release No. 33-8529, as quoted in Plaintiffs' brief, relate to "the cost of licensing software" to submit financial disclosures in XBRL format. ECF 38 at 4-5 (quoting ECF 38-1 at 52 (Ex. F)). e-Numerate does not allege that it has offered or is offering Defendants any software products or services, and software licensing is not at issue in this litigation. See generally ECF 31. Thus, the SEC's statements regarding "annual software licensing costs" have nothing to do with the patent infringement allegations or the doctrine of authorization and consent at issue in this case. More relevant to the patent infringement allegations at issue is the discussion in the same SEC Release of XBRL being an "open standard …." ECF 38-1 at 46, n.20 (Ex. F). The SEC understood that "XBRL was developed and continues to be supported by XBRL International, a collaborative consortium of approximately 250 organizations representing many constituents of the financial reporting community." Id. The SEC did not consider a scenario in which a patent holder could

threaten filers with patent infringement suits and the SEC correspondingly did not put its filers on notice of any patent infringement risk.

Accordingly, with respect to all allegations of infringement (including any allegation of indirect, induced, or contributory infringement) based on the use of XBRL to file documents with the SEC pursuant to federal regulation, the Defendants should be relieved of liability.

October 19, 2018

Of Counsel:

RICHARD M. HUMES
Associate General Counsel

GEORGE C. BROWN
Assistant General Counsel

NELSON KUAN
Senior Counsel
Office of the General Counsel
U.S. Securities and Exchange
Commission

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

GARY L. HAUSKEN
Director

*/s/ Scott Bolden*
SCOTT BOLDEN
Deputy Director
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC  20530
Scott.Bolden@USDOJ.gov
(202) 307-0262

DAVID C. WEISS
United States Attorney
District of Delaware

*/s/ Jennifer L. Hall*
Jennifer Hall (#5122)
Assistant United States Attorney
1313 North Market Street, Suite 400
Wilmington, DE 19801
Jennifer.Hall@usdoj.gov
(302) 573-6277

*Attorneys for the United States*